### REILLY v. FRIAS et al.

(Supreme Court, Appellate Division, First Department.  November 7, 1913.)

INJUNCTION (§ 162*)—INJUNCTION PENDENTE LITE.

    Where an injunction was granted restraining plaintiff from doing certain acts pendente lite, plaintiff should be given leave to renew the motion to vacate the injunction, if defendant interposed unreasonable delay to the trial of the action.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 348; Dec. Dig. § 162.*]

Appeal from Special Term, New York County.

Action by Hugh J. Reilly against Jose Antonio Frias and another. From an order granting an injunction pendente lite, plaintiff appeals. Affirmed as modified.

See, also, 143 N. Y. Supp. 1141.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. Buckley, of New York City (Ralph Stout, of New York City, of counsel), for appellant.

Smith, Gormly & Salomon, of New York City (W. T. Jerome, of New York City, of counsel), for respondents.

PER CURIAM. This court cannot undertake to decide the disputed questions of fact upon the hopelessly contradictory affidavits contained in this record. As those are the very matters put in issue by the complaint, counterclaim, and reply, an injunction pendente lite preserving the status quo seems authorized.

We think, however, that the bond required of the defendant Latin American Contracting & Improvement Company should be increased to $5,000, and that the plaintiff should have leave to renew the motion to vacate the injunction if the defendants interpose unreasonable delay to the trial of the action.

The order appealed from should be modified accordingly, and, as so modified, affirmed, without costs in this court to either party. Settle order on notice.